UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE REEDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:09 CV 1627 RWS |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on a Report and Recommendation that I deny Petitioner Ronnie

Reeder's writ of habeas corpus under 28 U.S.C. § 2254.  I referred this matter to United States

Magistrate Judge Mary Ann L. Medler for a report and recommendation on all dispositive

matters pursuant to 28 U.S.C. § 636(b).  Magistrate Judge Medler filed a Report and

Recommendation that Reeder's habeas petition should be denied.  Reeder raises five objections

to the Report and Recommendation [#22]. I have conduced a de novo review of all matters

relevant to the petition and address each objection below.

*Objection 1-Timeliness of Reeder's Petition*

Petitioner argues that the Magistrate Judge improperly recommended that his Section

2254 petition was untimely.  28 U.S.C. § 2244(d)(1) establishes a 1-year limitation period on

petitions filed under Section 2254.  The limitations period of Section 2244(d)(1) runs from the

latest of:

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review;
>
> (B) the date on which the impediment to filing an application

created by State action in violation of the Constitution or laws of
the United States is removed, if the applicant was prevented from
filing by such State action;

(C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

Section 2244(d)(1).

Subsection (A) determines the timeliness of Reeder's petitioner. Petitioner filed a direct

appeal to the Missouri Court of Appeals and the appellate court affirmed his conviction on June

28, 2005. On August 19, 2005, the Missouri appellate court granted Petitioner's motion to

transfer to the Missouri Supreme Court. On December 20, 2005, the Missouri Supreme Court

transferred Petitioner's appeal back to the Missouri appellate court. On February 15, 2006, the

Missouri appellate court reinstated its original opinion and issued the mandate on February 23,

2006. Petitioner did not file another motion to transfer to the Missouri Supreme Court.

The Supreme Court of the United States recently held that

> The text of § 2244(d)(1)(A), which marks finality as of 'the
> conclusion of direct review or the expiration of the time for
> seeking such review,' consists of two prongs. Each prong—the
> 'conclusion of direct review' and the 'expiration of the time for
> seeking such review'—relates to a distinct category of petitioners.
> For petitioners who pursue direct review all the way to this Court,
> the judgment becomes final at the 'conclusion of direct
> review'—when this Court affirms a conviction on the merits or
> denies a petition for certiorari. For all other petitioners, the
> judgment becomes final at the 'expiration of the time for seeking
> such review'—when the time for pursuing direct review in this
> Court, or in state court, expires.

Gonzalez v. Thaler, 132 S.Ct. 641, 653-54 (2012).  Here, Reeder falls into the second category

and his judgment became final "when the time for pursuing direct review in [the Supreme Court

of the United States], or in state court, expires." Id.

Though Missouri Rules of Appellate Procedure do not directly address whether Petitioner

could have filed another motion to transfer, it appears he could not.  Where a case is transferred

from the Missouri Supreme Court to the appellate court, "the case is in the same posture as if

transfer had been denied. The Court of Appeals then, by order, reinstates its prior opinion, which

is final. No motions for rehearing or applications for transfer may be filed."  25 Mo. Prac.

Section 10.2.  Upon the Missouri Supreme Court transferring Reeder's case back to the Missouri

appellate court, the procedural posture of Reeder's direct appeal was as if the Missouri Supreme

Court denied transfer.  However, because the Missouri appellate court's initial opinion had been

vacated when it transferred the case to the Missouri Supreme Court, it was only upon the

Missouri appellate court re-entering its opinion on February 15, 2006 that the state level review

of Reeder's direct appeal became final.  As a result, Reeder could not have filed a second motion

to transfer to the Missouri Supreme Court and he fully pursued his direct review in state court.[1]

Therefore, Reeder's petition became final at the expiration of the time for him to seek direct

review in the United States Supreme Court.[2]

---

[1]The parties have not identified, and my research has not revealed, a specific rule of
Missouri Appellate Procedure squarely addressing this issue.  Petitioner attached a letter from the
Clerk of the Court for the Missouri Court of Appeals, Eastern Division, as an Exhibit to his
Objection, indicating that under the circumstances of this case, a successive application for
transfer filed by counsel would not be filed.  I find this, in conjunction with the analysis
presented in the Missouri Practice series, persuasive.

[2]Respondent unpersuasively argues that Petitioner had ninety days from the date the
Missouri Supreme Court transferred the case to the Missouri appellate court.   Upon the transfer

The Magistrate Judge recommended that the one-year statute of limitations began to run on March 2, 2006, fifteen days after the Missouri appellate court issued a final decision on Petitioner's direct appeal. This recommendation is presumably based upon Missouri Rule of Civil Procedure 83.02 that an application for transfer to the Missouri Supreme Court must be filed within fifteen days from the date on which the Missouri appellate court reinstated its opinion. However, as discussed above, Petitioner could not have filed a second application for transfer after the Missouri Supreme Court transferred the appeal back to the Missouri appellate court.

Under United States Supreme Court Rule 13, a petition for writ of certiorari to review a judgment entered by a state court of last resort is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. Rule 13 goes on to indicate that "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." Taking these provisions together, I find that the time for Petitioner to file a writ of certiorari to review his direct appeal commenced on February 15, 2006, the date the Missouri appellate court reinstated its original opinion affirming Reeder's conviction.

Having determined when Reeder's state review of his direct appeal became final, I must now determine when Reeder's judgment became final under Section 2244(d)(1)(A). Because Reeder fully pursued his direct appeal in state court, his judgment became final when the time for

---

of Petitioner's appeal by the Court of Appeals under Rule 83.02, the opinion of the Court of Appeals was vacated.

him to pursue direct review in the Supreme Court of United States expired. Under Supreme

Court Rule 13, the deadline for Reeder to file a petition for a writ of certiorari from his direct

appeal expired on May 16, 2006, ninety days from February 15, 2006. However, Reeder filed a

motion for post conviction relief on May 15, 2006. As a result, the Section 2244 1-year statute of

limitations was tolled continuously from the Missouri appellate court re-entering its opinion on

February 15, 2006, until the conclusion of Reeder's post-conviction proceedings on October 6,

2008, with the issuance of the mandate on the appeal of his post conviction relief motion. The

statute ran for 353 days from October 6, 2008 until Reeder filed his Section 2254 petition on

September 25, 2009. As a result, I decline to adopt the Magistrate Judge's recommendation

regarding the timeliness of Reeder's Section 2254 petition and find that Reeder's petition was

timely filed.

*Objection 2:    Restriction of Victims' Prior Allegations*

Reeder's first ground for habeas relief alleges that the trial court erred in restricting his

use of the victims' prior false allegations. He argues that the trial court violated his Sixth

Amendment confrontation right and his right to due process by prohibiting his attorney from

cross-examining the victims as to all prior false allegations. Petitioner objects to the Magistrate

Judge's recommendation, arguing the claim is cognizable under United States Supreme Court

precedent and that Ground 1 should be reviewed under a *de novo* standard of review.

First, I find that the trial court's evidentiary ruling did not violate Reeder's confrontation

right. "[W]hile the Confrontation Clause generally 'guarantees a defendant's right to

cross-examine witnesses ...' the right to cross-examine a witness is not without limitation...."

United States v. Ragland, 555 F.3d 706, 712 (8th Cir. 2009). The Confrontation Clause

"guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." U.S. v. Cowling, 648 F.3d 690, 697 (8th Cir. 2011) (quoting Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (per curiam)).

The trial court ruled that Reeder's counsel could not introduce extrinsic evidence of the victims' prior, non-sexual false allegations against family and friends. The trial court allowed questioning regarding such allegations, but would not allow counsel to introduce extrinsic the allegations. The trial court allowed Reeder's attorney to cross-examine the victims regarding prior allegations of sexual misconduct. For example, during Reeder's attorney's cross-examination of T.W., he inquired whether she had ever called the police or the Department of Family Services on her mother and whether she accused Messiah Cross of having raped her. T.W. answer no to each of the questions. During his cross-examination of L.W., Reeder's counsel inquired whether she had made allegations against men in the past. Counsel then asked L.W. to confirm that she had never accused any other men of having improper sexual contact and she indicated she had accused her mother's ex-husband.

Defendant then called Tine Marie Pulley, the mother of T.W. to testify. Ms. Pulley testified that her daughter had falsely accused her of things in the past, including to Children and Family Services. Ms. Pulley further testified that her daughter accused her ex-boyfriend of rape. Ms. Pulley went on to testify that she used Reeder to "run off [T.W.'s] boyfriends" everyday in order to get them "out from in front of the house and make the girls come in." When asked how the girls reacted to Reeder running the boys off, Ms. Pulley testified "They got mad. They'd lie on him all the time." She further testified that T.W. had lied to her about important things in the past, that T.W. and L.W. accused another of Pulley's ex-boyfriends of rape. Ms. Pulley further

indicated that after the accusation was asserted against the ex-boyfriend, she "kicked him out" and then T.W. admitted the truth to her.

Ms. Pulley went on to testify that the girls also accused T.W.'s aunt's ex-husband of rape. Ms. Pulley testified further that the girls later told her they made up the allegation. Ms. Pulley testified that " [the aunt's ex-husband] was also strict and wouldn't let [the girls] outside around any boys in the neighborhood or anything, so they didn't get along very well." Ms. Pulley then testified that T.W. accused a husband of Ms. Pulley of raping her. Ms. Pulley "kicked [her husband] out" and T.W. later told Ms. Pulley her accusation was false. She indicated that her husband would not return to the house because he did not trust the girls because "they accused so many others." Next, Ms. Pulley testified T.W. accused her sister's ex-boyfriend of rape. Ms. Pulley testified that each of the men accused of rape lived with Ms. Pulley or her sister at the time of the accusation and T.W. and L.W.'s accusations would precipitate the men leaving.

Ms. Pulley's significant testimony, in conjunction with the scope of cross-examination of each victim, provided Reeder with sufficient opportunity to confront his accusers and present character evidence. As a result, I find that Reeder's confirmation clause rights were not violated.

Second, I find the trial court's restrictions did not deprive Reeder of due process. The trial court's evidentiary rulings were a matter of state law, which is generally not cognizable in a § 2254 proceeding. Scott v. Jones, 915 F.2d 1188, 1190-91 (8th Cir. 1990). Evidentiary rulings under state law are only cognizable in federal habeas petitions where they "implicate federal constitutional rights." Evans v. Luebbers, 371 F.3d 438, 443 (8th Cir. 2004).

The Missouri appellate court considered whether State v. Long, 140 S.W.3d 27 (Mo. banc 2004), should apply retroactively to Reeder's case. Long held that excluding a witness's prior

false allegations was prejudicial to the defendant where witness credibility was a key factor in determining guilt or innocence. State v. Reeder, 182 S.W.3d 569, 575-76 (Mo. Ct. App. E.D. 2005). However, the Missouri appellate court determined that the Long ruling was procedural, not substantive, and so should not apply retroactively. Id. Rulings on retroactivity of a change in state law do not implicate due process or other federal constitutional rights. Am. Trucking Ass'ns., Inc. v. Smith, 496 U.S. 167, 177 (1990) ("When questions of state law are at issue, state courts generally have the authority to determine the retroactivity of their own decisions."). As a result, Reeder's claimed due process violation is not cognizable under federal habeas review.

Even if Reeder's due process claim was cognizable under federal habeas review, the AEDPA standard of review would apply. See 28 U.S.C. § 2254(d) (2006). Reeder argues that the Missouri appellate court did not address his constitutional claims regarding cross-examination, and I must apply *de novo* review. See Skillicorn v. Luebbers, 475 F.3d 965, 972 (8th Cir. 2007). However, the AEDPA standard may apply even where a state court focuses primarily on state-law evidentiary questions. Brown v. Luebbers, 371 F.3d 458, 462 (8th Cir. 2004). The "'summary nature' of the state court's discussion of the federal constitutional question does not preclude application of the AEDPA standard." Id. Rather, it is sufficient to determine that the state court's decision was "an adjudication on the merits." Id.

The Missouri appellate court considered Reeder's claim that "he suffered a deprivation of his constitutional right to present a defense as a result of the trial court's prohibition against the use of extrinsic evidence generally and false, non-sexual allegations that occurred after Fall of 2000." Reeder, 182 S.W.3d at 574. After concluding that the new rule announced in Long did not apply, it held that "the trial court properly applied the rule of evidence existing at the time of

trial." Id. at 576. Though the Missouri court did not exhaustively lay out due-process or confrontation right standards in its analysis, its conclusion shows that it fully considered Reeder's federal claims and determined that the trial court did not violate his constitutional rights. As a result, I find that its ruling was not contrary to federal law and was a reasonable application of federal law, and further that the ruling was a reasonable determination of the facts in light of the evidence presented at trial.

*Objection 3:    Admission of Victim's Letter*

Reeder next alleges that the Magistrate Judge erred in finding that the trial court properly admitted a victim's letter to the court at sentencing, arguing the admitting the letter violated his Sixth Amendment confrontation right, his Fourteenth Amendment due-process right, and the hearsay rule.

Reeder's claim is procedurally defaulted. The Missouri appellate court declined to review this claim in Reeder's post-conviction proceedings because he failed to raise the issue on his direct appeal. See State v. Tolliver, 839 S.W.2d 296, 298 (Mo. banc 1992) (noting that a motion for post-conviction relief is not a substitute for a direct appeal).

To properly preserve an issue for federal habeas review, a state prisoner must fairly present his claims to state courts during direct appeal or post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). If the federal constitutional claim is not fairly presented in state proceedings, it is procedurally defaulted. To overcome procedural default, the defendant must demonstrate (1) cause and (2) prejudice. Dretke v. Haley, 541 U.S. 386, 393 (2004). The Supreme Court has noted that "[t]he cause and prejudice requirement shows due regard for States' finality and comity interests while ensuring that 'fundamental fairness [remains] the central

concern of the writ of habeas corpus.'" Id. (quoting Strickland v. Washington, 466 U.S. 668, 697 (1984)).  A petitioner who fails to show cause cannot prevail even on a showing of prejudice.  See McClesky v. Zant, 499 U.S. 467, 494 (1991).  Because Reeder failed to properly preserve this claim in his state proceedings, it is procedurally defaulted.

Reeder argues that the ineffectiveness of his trial counsel constitutes sufficient cause to excuse his default.  Ineffective assistance of counsel may be cause that excuses procedural default. Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002).  As discussed more fully below, Reeder's counsel was not ineffective for failing to object to the reading of the victim's letter at sentencing. The Missouri appellate court rejected Reeder's ineffective assistance of counsel claim in his post-conviction proceedings, finding that Reeder's counsel employed a reasonable trial strategy.  As a result, Reeder cannot establish cause and his claim fails.

*Objections 4 and 5:    Ineffective Assistance of Counsel*

Reeder asserts two claims of ineffective assistance of counsel.  First, he alleges that his trial counsel was ineffective for failing to object to the admission of the victim's letter at sentencing.  Second, he claims his counsel was ineffective for failing to seek admission of Reeder's employment records into evidence at trial.

To prove that his trial counsel was constitutionally defective under the Sixth Amendment, the defendant must show that (1) counsel's performance was deficient and (2) that the deficiency "prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To prove deficiency, the defendant must meet the high burden of showing that his counsel made such serious errors such that he was "not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id.; see also United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)

(noting the "heavy burden" a movant faces under the Strickland standard). Courts accord

substantial deference to counsel's performance, examining his actions at the time they were taken,

not after. Strickland, 466 U.S. at 689. To show prejudice, the defendant must prove a

"reasonable probability" that the outcome of the proceeding would have been different "but for

counsel's unprofessional errors." Id. at 694. Where the movant fails to establish one of the two

elements, the claim fails. Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995).

Reeder's argues the Magistrate Judge improperly recommended that Reeder's claim that

his trial counsel was constitutionally ineffective for failing to object to the admission of the

victim's letter at sentencing be denied. He argues that his counsel should have objected to the

letter on hearsay, confrontation, and due process grounds. Reeder also argues the Magistrate

Judge improperly recommended that his claim that his counsel was ineffective for failing to seek

admission of Reeder's employment records into evidence at trial be denied.

Under § 2254(d)(1), a federal court may not grant a state prisoner's habeas application

unless the relevant state-court decision "was contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United States."

Knowles v. Mirzayance, 129 S. Ct. 1411, 1418 (2009).

Reeder's third and fourth objections fail because the Missouri appellate court's

determination of his counsel's effectiveness was not unreasonable. When evaluating a state-court

application of the Strickland standard, "[t]he question 'is not whether a federal court believes the

state court's determination' under the Strickland standard 'was incorrect but whether that

determination was unreasonable—a substantially higher threshold.' And, because the Strickland

standard is a general standard, a state court has even more latitude to reasonably determine that a

defendant has not satisfied that standard." Id. at (2009) (internal citations omitted).

The Missouri appellate court reasonably concluded that counsel's decision not to object to the admission of the victim's letter was a "reasonable trial strategy" because it was an attempt to minimize the potential damage from the victim's statements. The Missouri appellate court also reasonably determined that Reeder had failed to demonstrate prejudice from his counsel declining to admit employment records that only showed the number hours he had worked, not the specific hours. Under such a deferential standard, I find that the Missouri court's determinations regarding Reeder's ineffective assistance of counsel claims were not unreasonable. As a result, Reeder's objections are denied.

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve those issues differently, or the issues deserve further proceedings."). Based on the foregoing, I find that Reeder did not provide a sufficient basis to conclude that he was denied a constitutional right. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** the Report and Recommendation [#20] is **SUSTAINED, ADOPTED AND INCORPORATED** herein, except to the extent the Magistrate Judge considered whether Reeder's petition was timely filed.

**IT IS FURTHER ORDERED that** Ronnie Reeder's Motion under 28 U.S.C. § 2254 to Vacate, Set Aside, or Correct Sentence [#1] is **DENIED**.

**IT IS FURTHER ORDERED that** this Court will not issue a certificate of appealability

because Reeder has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE


Dated this 5th day of September, 2012.